IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:06-cv-01485-WYD-MEH
Erika Wong v. Roanoke Companies Group, Inc., et al.

Civil Action No. 1:07-cv-00358-WYD-MEH
Robert Balaty, et al. v. Roanoke Companies Group, Inc., et al.

Civil Action No. 1:07-cv-01738-WYD-MEH
Jacqueline Birdsall v. Roanoke Companies Group, Inc., et al.

Civil Action No. 1:07-cv-01740-WYD-MEH
Dorothy Paszak v. Roanoke Companies Group, Inc., et al.

Civil Action No. 1:07-cv-01803-WYD-MEH
Sandie Himmelman, et al. v. Roanoke Companies Group, Inc., et al.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on June 25, 2010.**

Defendant Aerofil Technology Inc.'s Unopposed Motion to Vacate and Reset the Settlement Conference set for 9/7/2010 [filed June 25, 2010; dockets ##103, 87, 35, 50, 41] is **granted** as follows.

A four-day Settlement Conference is hereby set for **August 30 and 31**, and **September 14 and 15, 2010**, beginning at **8:30 a.m.** each day. The conference set for September 8, 2010, is hereby **vacated**. The Settlement Conference will be held in Courtroom 203 on the second floor of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. Parties should check-in with Chambers upon arrival using the intercom to the left of the second floor elevators.

Counsel shall have all parties present, including all individually named parties or a representative of each named entity. Counsel shall also have in attendance all individuals with full authority to negotiate all terms and demands presented by the case, and full authority to enter into a settlement agreement, including, but not limited to, an adjustor, if an insurance company is involved. "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency. If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority." **This requirement is not fulfilled by the presence of counsel and/or an insurance adjustor alone**.

In exceptional circumstances only, the appearance of insurance representative by telephone may be approved in advance of the conference. Any party seeking such relief should file the appropriate motion with the Court.

No person is ever required to settle a case on any particular terms or amounts. However, both parties must participate in the settlement conference in good faith, pursuant to Fed. R. Civ. P. 16(f). If any party or party representative attends the settlement conference without full authority, fails to attend the settlement conference without prior Court approval, or fails to participate in the conference in good faith, and the case fails to settle, that party may be ordered to pay the attorney's fees and costs for the other side. ***If one or both parties believe that the matter may not be ripe for negotiations, counsel should confer with the opposing party(ies) and contact Chambers prior to the conference to reschedule the settlement conference to a more appropriate time.***

In order that productive settlement discussions can be held, <u>counsel shall prepare and submit **two** settlement documents</u>: one to be submitted to the other party or parties, and the other to be submitted by email only to the Magistrate Judge. The documents which are presented to opposing counsel shall contain an overview of the case from the presenter's point of view, shall summarize the evidence which support that side's claims and may present a demand or offer. These documents should be intended to persuade the clients and counsel on the other side.

The document, to be emailed to the Magistrate Judge (<u>not</u> submitted for filing to the court) at *Hegarty_Chambers@cod.uscourts.gov*, shall contain copies of the above materials, but additionally shall contain any confidential comments which counsel wishes to make, any comments with regard to perceived weaknesses in the case and any comments which would be helpful to the Magistrate Judge in assisting the parties to negotiate a settlement. The settlement documents shall be submitted **ON OR BEFORE AUGUST 23, 2010**. Statements and exhibits consisting of more than 30 pages are to be submitted to Chambers in hard copy via regular mail or hand delivery.

Again, please remember that anyone seeking entry into the Byron G. Rogers United States Courthouse will be required to show a valid photo identification. *See* D.C. Colo. LCivR 83.2B.